UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR408-368 |
| | ) | |
| STACEY MAURICE BENTON, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## ORDER

Stacey Maurice Benton was convicted of conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride in 2010. Doc. 155 (Sealed Motion for Revocation of Supervised Release). Upon a determination, pursuant to Federal Rule of Criminal Procedure 32.1(b)(1), that there is probable cause to believe that the defendant has violated the terms and conditions of supervised release, the Court ordered him detained, pursuant to 18 U.S.C. § 3143(a)(1). Doc. 163. He has filed a motion for "reasonable bond." Doc. 166. On August 24, 2020, the Court held a hearing on that motion.

Defendant's motion indicates that on or about August 10, 2020, while he was in the custody of the United States Marshal, he suffered a seizure. Doc. 163 at 1. Shortly thereafter, his physicians determined that

his seizure was caused by tumors in his brain. *Id*. Defendant underwent surgery to remove those tumors on August 17, 2020. *Id*. Upon his discharge from the hospital after that surgery, his treating physicians diagnosed him with a glioblastoma, and prescribed courses of both radiation therapy and chemotherapy, scheduled to being when he had sufficiently recovered from the surgery. Doc. 169 at 2 (Sealed hospital discharge records, admitted as an exhibit at the August 24 hearing without objection). His physicians also indicate that defendant's prognosis, even with treatment, is that he likely has no more than one year to live. *Id*.

Revisiting a determination of detention, under 18 U.S.C. § 3143, is not straightforward. Among the plausible alternatives for reconsideration of a detention determination is §3142, which includes both authorization to "reopen" detention hearings, *see* 18 U.S.C. § 3142(f)(2), and provides for "temporary release," after a detention determination has been made, *see* 18 U.S.C. § 3142(i). Neither provision, however, applies to §3143. In *United States v. Thomas*, the United States District Court for the Northern District of Texas undertook a careful analysis of the statutory framework and the "few courts" that have considered how the provisions of § 3142, and in particular the temporary release provisions of § 3142(i),

interact with § 3143.  ___ F. Supp. 3d ___, 2020 WL 1694302, at * 2 (N.D. Tex. Apr. 3, 2020).  The *Thomas* court's analysis persuasively concludes only those provisions of § 3142 expressly incorporated into § 3143 apply to defendants pending sentencing.  *Id.* at * 3.  Since that incorporation does not extend to either § 3142(i)'s provision for "temporary release," or § 3142(f)'s provision authorizing "reopen[ing]" a detention hearing, reevaluation of Benton's detention cannot proceed under either subsection.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the United States Court of Appeals for the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 254, 255 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)); *see also, e.g., United States v. Faller*, 2020 WL 1502983, at * 1 (S.D. Ga. Mar. 24, 2020) (Hall, C.J.).  "In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59.  [Cit.]  The movant must show (1) an intervening change in controlling law; (2) the availability of new

3

evidence; or (3) the need to correct clear error or manifest injustice." *Faller*, 2020 WL 1502983, at * 1 (internal quotations, citations, and alterations omitted). The clear ground for Benton's motion is that the onset of symptoms of his brain tumor constitute newly available evidence.

Benton's diagnosis directly bears on the analysis under § 3143. The statute provides that detention is warranted, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). Benton's diagnosis, and the prognosis indicated in his medical records, provide the clear and convincing evidence the statute requires.

At the hearing, defendant argued that the effect of his treatment, including both the surgery he has undergone and the prescribed courses of radiation and chemotherapy, present clear and convincing evidence that he poses no risk of flight or danger. As defense counsel pointed out, flight from these proceedings would also be flight from treatment, which, under the circumstances, would likely prove fatal. Further, he pointed out that

4

the side effects of those treatments would render it virtually physically impossible for Benton to engage in any dangerous conduct. The Government conceded both points.

Given that the Court finds that Benton has presented newly available evidence bearing on the propriety of his detention, pursuant to § 3143, the Court construes his motion, doc. 166, as a motion for reconsideration. That motion is **GRANTED**. The Court, therefore, finds that Benton, therefore, should be released. 18 U.S.C. § 3143(a)(1). Since Benton's release must also be considered in the case in which he stands indicted, *see United States v. Benton*, CR420-022, doc. 162 (S.D. Ga. Aug. 17, 2020), the Order imposing conditions, pursuant to § 3142(b) or (c) will be entered by a separate Order in that case.

**SO ORDERED,** this 25th day of August, 2020.

/s/ Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5